# Richmond.

## SUTHERLAND AND OTHERS V. GENT.

November 17, 1910.

Absent, Cardwell, J.

1. BILL OF REVIEW—*After-Discovered Evidence.*—A bill of review for after-discovered evidence is properly allowed where it appears from affidavits filed with the bill that the new evidence was not and could not have been known to the complainant before the final decree sought to be reviewed, and is relevant, material, not merely cumulative, and such as should, upon another hearing produce a different result.

2. RES JUDICATA—*Matters Undetermined—Bill of Review.*—Where upon filing a bill of review, all that was done in the suit has been set aside, the effect is to leave all the issues presented in that record undetermined to await the final decree of the court upon the bill of review, and the former decree cannot be pleaded anywhere as a final adjudication of the controversy.

3. APPEAL AND ERROR—*Principles of Case.*—A decree which permits the filing of a bill to review a decree which had disposed of the entire subject of litigation, and which overrules a motion to dissolve an injunction prayed for and granted under that bill of review, and continues it in full force until the further order of the court, so far settles the principles of the cause as to come within the terms of the statute allowing an appeal therefrom.

4. INJUNCTIONS—*Dissolution—Pending Suit to Try Title.*—An injunction granted to restrain defendants from cutting and removing timber from land should be allowed to await the determination of a pending action of ejectment brought by the same plaintiff against the same defendants to try the title to the land in controversy.

Appeal from a decree of the Circuit Court of Russell county. Decree for complainant. Defendants appeal.

*Affirmed.*

The opinion states the case.

*W. W. Bird* and *J. C. Gent,* for the appellants.

*Finney & Wilson,* for the appellee.

KEITH, P., delivered the opinion of the court.

The appellants, W. H. Sutherland and others, complain of a decree rendered against them in the Circuit Court of Russell county. The original bill was filed by Gent, the appellee, and Jamison, against the appellants, to restrain them from cutting and removing timber from certain land described in the bill, to which the plaintiffs claimed title. The defendants answered, and such proceedings were had that on October 19, 1908, a decree was entered dissolving the injunction and giving the defendants a decree against the plaintiffs for their costs. A short time thereafter Gent, who in the meantime had purchased the interest of his co-plaintiff, Henry T. Jamison, asked to be permitted to file a bill of review, which was sworn to before the clerk on the 20th day of January, 1909, and is accompanied by the affidavits of numerous witnesses and by that of the plaintiff, Gent, himself, from which it appears that after the decree of October, 1908, was rendered the affiants, thinking the whole controversy ended, began to talk freely about the matter and disclosed facts within their knowledge which are material and relevant to the issues disposed of by that decree. Gent's affidavit gives a rational and credible narrative of the situation, to the effect that the affiants were neighbors and friends of the parties to the litigation; that they were unwilling to become mixed up in it, and concealed their knowledge of the subject until they thought the litigation was concluded; that he (Gent) did not know and could not have known that the facts which the several affiants now recite in their affidavits were known to them; that they are

relevant, material, not merely cumulative, and should upon another hearing produce a different result.

The affidavit to the bill was, as we have seen, made on the 20th of January, 1909. It was presented to and argued before the judge of the Circuit Court of Russell county in vacation on the 23rd day of January, 1909, and on January 25th, a decree was entered, granting an injunction as prayed for until further order and continuing the motion for leave to file his bill and have it treated as a bill of review until the next term of the court. At a Circuit Court for Russell county held on March 12, 1909, the cause was heard upon a motion of the defendants to dissolve the injunction granted on January 25th. This motion was heard upon the complainants' bill, upon the various exhibits filed with the bill and answer and upon affidavits taken by both plaintiffs and defendants, and upon agreement of counsel on due consideration whereof it was adjudged and decreed that the injunction granted to complainant January 25, 1909, be continued in full force and effect, with an exception not material to the matter before us, and from that decree an appeal was taken, which brings the matter before us for review.

It is proper to state that it appears from the bill of review that Gent had instituted an action of ejectment, to which he made the parties here appellant defendants, and a copy of the declaration in that action and other pleadings and bills of exceptions taken to interlocutory orders are presented as an exhibit in this case. It is needless, perhaps, to say that in this proceeding we have nothing whatever to do with the suit in ejectment.

We are of opinion that upon the case made upon the petition for leave to file the bill of review, it was properly granted; and it follows, as a matter of course, that the bill of review having been filed and a decree entered upon it awarding an injunction therein prayed for upon after-discovered evidence, all that was done in the suit terminating

in the decree to which the bill of review was filed having been set aside, leaves all of the issues presented in that record undetermined to await the final decree of the court upon the bill of review, and cannot therefore be pleaded anywhere as a final adjudication of the controversy.

As we have said, we think a proper case was made for filing the bill of review upon the after-discovered evidence set out in the several affidavits which accompanied it, and we think the decree appealed from so far settles the principles of the cause as to come within the terms of our statute upon the subject. It permits a bill of review to a decree which had disposed of the entire subject of litigation; it overrules a motion to dissolve an injunction prayed for and granted under that bill of review; and continues it in full force until the further order of the court.

We are of opinion that the ejectment suit is the proper remedy by which to determine the title to the land in controversy, and to settle finally the controversy between the appellants and the appellees. The injunction granted and continued in force in this case should, as the matter stands, await the determination of the ejectment suit. We are of opinion that so far as this suit has progressed, no error has been committed to the prejudice of the appellants for which the decree complained of should be reversed, and it is, therefore, affirmed.

*Affirmed.*